1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

Derrick Williams,

                Plaintiff,

    v.

Mark Radi, et al.,

                Defendants.

Case No. 2:20-cv-01535-JAD-BNW

**ORDER**

Pro-se plaintiff Derrick Williams brings this lawsuit against numerous parties for their alleged involvement in detaining Williams at a hotel. ECF No. 1-1. Williams moves to proceed *in forma pauperis*. ECF No. 4. Williams submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. Williams' request to proceed *in forma pauperis* therefore will be granted. The Court now screens Williams' complaint (ECF No. 1-1) as required by 28 U.S.C. § 1915(e)(2).

I.      **ANALYSIS**

      A.    **Screening standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2).  In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only

1  dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of

2  his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir.

3  2014) (*quoting Iqbal*, 556 U.S. at 678).

4      In considering whether the complaint is sufficient to state a claim, all allegations of

5  material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler*

6  *Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).

7  Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff

8  must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S.

9  544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

10  Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se

11  plaintiff should be given leave to amend the complaint with notice regarding the complaint's

12  deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

13      **B.      Screening the complaint**

14      Williams' complaint is difficult to understand. However, from what the Court can

15  ascertain, Williams' complaint indicates that security guards detained him, and law enforcement

16  charged him with trespassing. *See* ECF No. 1-1 at 2-3. Williams names as defendants two

17  security guards, Mark Radi and John Petro, Marksman Security, the Las Vegas Metropolitan

18  Police Department, Las Vegas Sands, and numerous Nevada public officials. *Id.* at 1-2. Williams

19  alleges discrimination, conspiracy to commit assault and murder, kidnapping, and "attempt to

20  forge a trespassing charge." *Id.* at 2.

21      Williams alleges that Las Vegas Metropolitan Police and the Palazzo and Venetian Hotels

22  conspired with agencies in different states and countries to kidnap him. *Id.* Williams alleges that

23  the Marksman Security employees held him "captive against his will." *Id.*

24      Williams alleges law enforcement retaliated against him for previously filing complaints

25  against government entities in Nevada. *Id.* at 3. Williams alleges that law enforcement did not

26  warn him before charging him with trespassing and did not follow proper procedures. *Id.*

27      Even liberally construing Williams' complaint, the Court is unable to determine exactly

28  what claims he is attempting to allege against which defendants and cannot evaluate whether he

1
states any claims for relief. Accordingly, the Court will dismiss Williams' complaint without

2
prejudice and with leave to amend. To help Williams file a properly formatted complaint, the

3
Court now advises him of the following requirements under the Federal Rules of Civil Procedure.

4
Williams is also advised that failure to comply with these rules when drafting and filing his

5
amended complaint may result in this action being dismissed.

6
    First, Williams is advised that he must specify which claims he is alleging against which

7
defendants. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy,

8
Williams still must give defendants fair notice of each of the claims he is alleging against each

9
defendant. Specifically, he must allege *facts* showing how each named defendant is involved and

10
the approximate dates of their involvement. Put another way, Williams should tell the Court, in

11
plain language, what each defendant did to him and when. "While legal conclusions can provide

12
the framework of a complaint, they must be supported with factual allegations." *Ashcroft v. Iqbal*,

13
556 U.S. 662, 679 (2009).

14
    Second, Williams' amended complaint must be short and plain. The simpler and more

15
concise Williams' complaint, the easier it is for the Court to understand and screen it. The Federal

16
Rules also require this. Under Federal Rule of Civil Procedure 8, Williams' amended complaint

17
must contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to

18
relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R.

19
Civ. P. 8(d)(1). "A party must state its claims or defenses in numbered paragraphs, each limited

20
as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "[E]ach claim

21
founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id.*

22
    Third, Williams may not raise multiple unrelated claims in a single lawsuit. The Federal

23
Rules of Civil Procedure do not permit a litigant to raise unrelated claims involving different

24
defendants in a single action. A basic lawsuit is a single claim against a single defendant. Federal

25
Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when those

26
claims are against the same defendant. Federal Rule of Civil Procedure 20(a) allows a plaintiff to

27
add multiple parties to a lawsuit where the right to relief arises out of the "same transaction,

28
occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). "However,

unrelated claims that involve different defendants must be brought in separate lawsuits." *Bryant v. Romero*, No. 1:12-CV-02074-DLB PC, 2013 WL 5923108, at *2 (E.D. Cal. Nov. 1, 2013) (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). This rule is intended to avoid confusion, which arises out of bloated lawsuits.[2]

Lastly, Williams' amended complaint must be complete in and of itself. If Williams chooses to file an amended complaint, he is advised that an amended complaint supersedes the original complaint and, thus, the amended complaint must be complete by itself.  *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Williams' amended complaint must contain all claims, defendants, and factual allegations that he wishes to pursue in this lawsuit. Moreover, Williams must file his amended complaint on this Court's approved form, which the Clerk of Court will send him.

## II.    CONCLUSION

IT IS THEREFORE ORDERED that Williams' application to proceed *in forma pauperis* (ECF No. 4) is GRANTED. Williams is permitted to maintain this action to conclusion without prepaying fees or costs or giving security for them.

IT IS FURTHER ORDERED that the clerk of court must detach and separately file Williams' complaint (ECF No. 1-1).

IT FURTHER ORDERED that Williams' complaint be dismissed without prejudice.

IT IS FURTHER ORDERED that the Clerk of Court shall mail Williams' a copy of the non-prisoner, pro se form complaint.

---

[2] If Plaintiff needs to file multiple lawsuits to comply with this rule, he may do so by filing a new application to proceed *in forma pauperis* and a new complaint for each unrelated claim.

1       IT IS FURTHER ORDERED that if Williams wishes to file an amended complaint, he

2   must do so by November 4, 2020.

3       DATED: October 5, 2020

4

5                                     _____

6                                     BRENDA WEKSLER
                                       UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28